

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00328-CV

———————————————

JERALD H. MILLER JR., Appellant

V.

TARRANT COUNTY APPRAISAL DISTRICT, TARRANT COUNTY REVIEW
BOARD, TARRANT COUNTY, THE CITY OF FORT WORTH, AND TARRANT
COUNTY TAX ASSESSOR COLLECTOR, Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-329967-21

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Jerald H. Miller Jr. attempts to appeal from the trial court's interlocutory "Order Granting Special Exceptions." Because the trial court's order did not appear to be a final judgment or appealable interlocutory order, we were concerned that we lacked jurisdiction over this appeal. We notified Miller of this concern and warned him that we would dismiss the appeal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Special-exceptions rulings are not subject to review by interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *see, e.g.*, *Nguyen v. Aventus Ins. Co.*, No. 14-18-00720-CV, 2018 WL 5261141, at *1 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, no pet.) (per curiam) (mem. op.); *Delgado v. River Oaks Police Dep't*, No. 02-15-00205-CV, 2016 WL 6900900, at *2 (Tex. App.—Fort Worth Nov. 23, 2016, no pet.) (mem. op.).

In his response, Miller admits that the trial court's special-exceptions order is an unappealable interlocutory order and attempts to save his appeal from dismissal by asking us for permission to appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)–(f); Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. But Miller has not satisfied

the requirements for a permissive appeal set out by statute and by the rules of procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. We thus deny Miller's request. Because Miller's response does not otherwise show grounds for continuing the appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 6, 2022

3